**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER AVERY,<br>    Petitioner, | Case No. 1:14-cv-206 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, ALLEN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Allen Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's motion to dismiss, petitioner's response in opposition, and respondent's reply. (Docs. 1, 6, 9, 10).

**I.     PROCEDURAL HISTORY**

**State Trial Proceedings**

On July 20, 2007, the Hamilton County, Ohio grand jury returned a thirteen-count indictment charging petitioner with one count of aggravated robbery, six counts of kidnapping, and six counts of robbery. (Doc. 6, Ex. 1). After initially entering a plea of not guilty, petitioner withdrew his initial plea and entered a guilty plea to one count of aggravated robbery and six counts of kidnapping. (Doc. 6, Ex. 2). All counts included gun specifications. On December 27, 2007, petitioner was sentenced to an agreed sentence of ten years in the department of corrections. (Doc. 6, Ex. 4). Petitioner received a sentence of seven years for the aggravated robbery conviction and three years for a gun specification related to that charge. He was also sentenced to seven years for each of the kidnapping convictions, which were to be served consecutively with the seven-year sentence imposed for the aggravated robbery conviction. The

specifications related to the kidnapping counts were merged with the specification to the aggravated robbery count for the purposes of sentencing. (*See id.*). The remaining counts were dismissed. (Doc. 6, Ex. 5).

On April 24, 2013, petitioner, through counsel, filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals from petitioner's conviction and sentence. (Doc. 6, Ex. 6, 7). Petitioner raised the following two assignments of error in his motion for leave to appeal:

1. This Appeal Raises Constitutional Jurisdictional Issues that Should be Heard by This Court.

2. A Change in the Law is Just Reason for the Delay in Filing the Appeal.

(Doc. 6, Ex. 7). On May 15, 2013 the Ohio Court of Appeals overruled petitioner's motion, finding that petitioner failed to provide sufficient reasons for his failure to perfect an appeal as of right. (Doc. 6, Ex. 9).

On June 28, 2013, petitioner filed a pro se notice of appeal in the Ohio Supreme Court. (Doc. 6, Ex. 10). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

Defendant's conviction and sentence was imposed by the trial court contrary to law.

(Doc. 6, Ex. 11). On October 23, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 12).

**Federal Habeas Corpus**

Petitioner filed the instant federal habeas corpus action on February 12, 2014.[1] (Doc. 1). In the petition, petitioner raises the following three grounds for relief:

> GROUND ONE: The trial court unlawfully sentenced Petitioner in violation of O.R.C. 2941.25 and the Double Jeopardy Clause of the Fifth Amendment.
>
> GROUND TWO: A change in the law is "just reason" for the delay in filing an appeal.
>
> GROUND THREE: When a sentence is contrary to law, that alone is a sufficient reason for a delayed appeal and for a court's jurisdiction.

(Doc. 1).

Respondent has filed a motion to dismiss, arguing that the petition should be dismissed. (Doc. 6). Respondent contends that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.*

Through counsel, petitioner has filed a response in opposition to the motion to dismiss, to which respondent has replied. (Doc. 9, 10).

**II.     THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The petition was filed with the Court on March 10, 2014. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on February 12, 2014. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on February 12, 2014.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.[2] Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at sentencing. Since petitioner was aware of the facts underlying his claims by the close of the trial court proceedings, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on January 28, 2008 upon expiration of the 30-day period for filing an appeal as of right from the trial court's December 27, 2007 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on

---

[2] Petitioner argues that in 2010 the Ohio Supreme Court decided *State v. Johnson*, 942 N.E.2d 1061 (2010), mandating a change in the law as it applied to the application of double jeopardy issues. In 2012, the Ohio Court of Appeals subsequently applied *Johnson* to a factual scenario involving robbery and kidnapping. *State v. Anderson*, 974 N.E.2d 1236 (2012). To the extent that petitioner claims that the limitations period should run from the date either of these cases were decided his claim is without merit, as 28 U.S.C. § 2244(d)(1)(C) only applies to the date a constitutional right was recognized by the United States Supreme Court.

4

January 29, 2008, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on January 29, 2009, absent the application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 1912 days before petitioner filed his April 24, 2013 notice of appeal to the Ohio Court of Appeals. Because petitioner's motion for a delayed

5

appeal was filed after the one-year statute of limitations had already expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 1840 days to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v.*

6

*Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.[3]

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and the instant habeas corpus petition (Doc. 1), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

---

[3] Because the undersigned concludes that the petition is time-barred, the Court need not address petitioner's arguments regarding whether Ohio Appellate Rule 4 is an adequate and independent procedural rule or whether petitioner can demonstrate cause and prejudice (*see* Doc. 9, PageID 89–95), as these analyses are only relevant to determining whether or not petitioner procedurally defaulted his grounds for relief.

  2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

  3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


                *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER AVERY,  
    Petitioner,

vs.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-206

Bertelsman, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).